08-0865-cr(L)
United States v. Shyne (Alexander)

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

_____

August Term, 2008

(Argued: April 21, 2009                                                    Decided: August 5, 2010)

Docket No. 08-0865-cr(L)

_____

UNITED STATES OF AMERICA,

*Appellee*,

v.                                                            No.[s]: 08-0865-cr(L), 08-1359-
cr(CON), 08-1650-cr(CON)

DOUGLAS SHYNE, NAHAR SINGH, NATASHA SINGH, CHRISTINE RICHARDSON,
NATHANIEL SHYNE, TOYBE BENNETT, EPHRAIM RICHARDSON, JASON WATLER,
TIMOTHY MONTGOMERY, ANTHONY PRINCE, MARION JONES AND NARESH
PITAMBAR,

*Defendants*,

NATHANIEL ALEXANDER, STEVEN RIDDICK AND ROBERTO MONTGOMERY,

*Defendants-Appellants*.

_____

BEFORE:     KEARSE, SACK, and HALL, *Circuit Judges*.

_____

Appeals from judgments of conviction entered in the United States District Court for the
Southern District of New York (Karas, *J.*).  Defendants-appellants contend that the district court
erred by denying defendants' application to require government production of all written or
recorded statements, including comprehensive notes from proffer sessions, of coconspirators
who would not be testifying at trial but whose statements the government intended to introduce
at trial as statements made in furtherance of a conspiracy.  The district court's ruling was proper
because the disclosure requirements of the Jencks Act, 18 U.S.C. § 3500, do not apply to
non-testifying declarants.  In a separate summary order filed along with this opinion, we resolve

1

the remaining issues on appeal.  For the reasons stated herein and in that summary order, the judgments of conviction are affirmed.

_____

For Defendant-Appellant Alexander:            Richard D. Willstatter, Green & Willstatter, White Plains, NY.

For Defendant-Appellant Riddick:            Marjorie M. Smith, Piermont, NY.

For Defendant-Appellant Montgomery:       Thomas H. Nooter, Freeman Nooter & Ginsberg, New York, NY.

For Appellee:                          Daniel W. Levy (E. Danya Perry, Katherine Polk Failla, *on the brief*), Assistant United States Attorneys for Lev L. Dassin, Acting United States Attorney for the Southern District of New York, New York, NY.

PER CURIAM:

Appeals from judgments of conviction entered in the United States District Court for the Southern District of New York (Karas, *J.*).  Defendants-appellants contend that the district court erred by denying defendants' application to require government production of all written or recorded statements, including comprehensive notes from proffer sessions, of coconspirators who would not be testifying at trial but whose statements the government intended to introduce at trial as statements made in furtherance of the conspiracy.  The district court's ruling was proper because the disclosure requirements of the Jencks Act, 18 U.S.C. § 3500, do not apply to non-testifying declarants.  In a separate summary order filed simultaneously with this opinion, we resolve the remaining issues on appeal.  For the reasons stated herein and in that summary order, the judgments of conviction are affirmed.

2

**BACKGROUND**

Defendants-appellants Nathaniel Alexander, Steven Riddick and Roberto Montgomery were indicted for their participation in broad criminal conspiracies to commit bank fraud and launder money by stealing, altering or counterfeiting checks and depositing the checks into bank accounts. Montgomery was also charged with conspiracy to transport stolen goods resulting from his involvement in a scheme to purchase luxury automobiles with bogus checks. Prior to trial, the government disclosed to defense counsel that it planned to offer statements made by coconspirators Anthony Price, Douglas Shyne, Timothy Montgomery, Toybe Bennett, and Christine Richardson in furtherance of the conspiracies charged in the indictment, pursuant to Federal Rule of Evidence 801(d)(2)(E).[1] In accordance with its obligations under *Giglio v. United States*, 405 U.S. 150 (1972), the government provided defense counsel a three page letter that detailed what the district court characterized as impeachment material for those five coconspirators. The government did not, however, turn over to defense counsel a comprehensive set of notes from its proffer sessions with the non-testifying coconspirators.

Defendants made an oral application to the district court, supplemented by letter, requesting that the government produce all written or recorded statements, as defined in 18 U.S.C. § 3500 ("the Jencks Act"), for the coconspirators who would not be testifying at trial but whose statements in furtherance of the conspiracies the government intended to introduce at trial.

In a written order, the district court denied defendants' request:

---

[1] Federal Rule of Evidence 801(d)(2)(E) provides that "[a] statement is not hearsay if -- The statement is offered against a party and is . . . a statement by a coconspirator of a party during the course and in furtherance of the conspiracy."

3

The Government is not required to produce prior written or recorded statements pursuant to 18 U.S.C. § 3500 in connection with co-conspirator statements under Fed. R. Evid. 801(d)(2)[(E)].[2] However, as the Court stated on the record, the Government is required, pursuant to its obligations under Fed. R. Evid. 806, *Giglio*, and *Brady*, to provide impeachment material for the persons who made the purported statements in furtherance of the conspiracy.

Following a seventeen-day trial, Alexander and Riddick were convicted of conspiracy to commit bank fraud, in violation of 18 U.S.C. § 1349, bank fraud, in violation of 18 U.S.C. § 1344, and conspiracy to commit money laundering, in violation of 18 U.S.C. § 1956(h). Montgomery was found not guilty on the substantive count of bank fraud, conspiracy to commit bank fraud and conspiracy to commit money laundering. He was convicted of conspiracy to transport stolen goods, in violation of 18 U.S.C. § 371.

Before the district court, Alexander argued that it was the disclosure obligations of the Jencks Act, together with the Fifth and Sixth Amendments, that required production of all proffer notes made by the non-testifying coconspirators whose statements in furtherance of a conspiracy the government intended to introduce into evidence at trial. On appeal, Alexander, joined by Riddick and Montgomery, argues that the district court's decision to deny their request for the proffer notes, or summaries of proffer statements, made by the non-testifying coconspirators, deprived them of due process and violated the confrontation clause and compulsory process clause of the Sixth Amendment.

DISCUSSION

In this appeal we consider whether the disclosure obligations of the Jencks Act extend to require production of all proffer notes for non-testifying declarants whose statements in

---

[2] The order contains a typographical error in that it refers to Fed. R. Evid. 801(d)(2)(f), which does not exist, rather than Fed. R. Evid. 801(d)(2)(E).

furtherance of a conspiracy the government intends to introduce into evidence at trial pursuant to Federal Rule of Evidence 801(d)(2)(E). "We review issues of statutory construction *de novo*, and the language of a statute is our starting point in such inquiries." *United States v. Figueroa*, 165 F.3d 111, 114 (2d Cir. 1998) (internal citation omitted).

Under Federal Rule of Criminal Procedure 16(a)(2), "the discovery or inspection of statements made by prospective government witnesses" is prohibited, "except as provided in 18 U.S.C. § 3500 [('The Jencks Act')]." The Jencks Act permits disclosure of witness statements and reports in a criminal case. *See* 18 U.S.C. § 3500. "After a witness called by the United States has testified on direct examination, the court shall, on motion of the defendant, order the United States to produce any statement . . . of the witness in the possession of the United States which relates to the subject matter as to which the witness has testified." *Id.* at § 3500(b).

By its own terms the Jencks Act applies to a "witness" who "has testified on direct examination." *Id.* at § 3500(a) ("no statement or report in the possession of the United States which was made by a Government witness . . . shall be the subject of subpena, discovery, or inspection until said witness has testified on direct examination in the trial of the case."); *see also United States v. Jackson*, 345 F.3d 59, 76 (2d Cir. 2003) (noting that the Jencks Act "does not normally mandate disclosure of statements made by a person who does not testify."). Alexander's counsel conceded as much when he wrote in an April 12, 2007 letter to the district court that the disclosure requirements of the Jencks Act are "somewhat limited to persons actually testifying." (parentheses omitted). **[Alex A 69, first line of second ¶]** According to defense counsel, however, this limitation is "trump[ed]" **[Alex A 71, ¶2 line 1]** by Federal Rule

5

of Evidence 806, which provides that when a statement has been admitted into evidence pursuant to Rule 801(d)(2)(E), "the credibility of the declarant may be attacked . . . by any evidence which would be admissible for those purposes if declarant had testified as a witness." Appellants argue, in essence, that because Rule 806 treats a declarant as if he is a testifying witness for the purposes of attacking his credibility, the declarant must also be considered a witness under the Jencks Act. Alexander argued to the district court that, "the right to impeach the declarant should be coterminous with the right to obtain the information in the possession of the government which will allow the defendant to impeach a witness."[3] **[Alex A 69, last ¶]**

---

[3] We note that in his reply brief, Alexander states that "[w]e did not argue . . . that the Jencks Act . . . requires the disclosure of 806 material." **[Alex Reply 2]** This contention, however, is contrary both to Alexander's recitation of facts in his principal brief on appeal and to the record. In his principal brief Alexander states:

> By letter, and in oral argument (in which Alexander would join), counsel for co-defendant Roberto Montgomery argued that the government should be required to disclose prior statements of the witnesses as encompassed by 18 U.S.C. 3500. . . . [C]ounsel argued that disclosure was required in order to make effective use of the impeachment tool for non-testifying declarants found in F.R.E. 806. **[Blue Alex 4]**

And prior to the trial, defense counsel for Roberto Montgomery wrote a letter to the district court judge:

> Your Honor:
>
> I am writing in support of the oral application made for the 3500 "prior statements" of co-conspirators whose declarations are being offered by the government even though the declarants themselves are not testifying. Since the co-conspirator declarants are, pursuant to Rule 806 of the Federal Rules of Evidence, subject to impeachment . . . we contend that fairness dictates that the 3500 material in the government's possession . . . should be turned over to the defense. [Because Rule 806 was passed subsequent to the Jencks Act,] we argue that the newer Rule 806 trumps (amends) the Jencks Act insofar as there is an inconsistency. **[Alex A 68, 70-71]**

Our Circuit has not, until now, definitively addressed whether the application of Federal Rule of Evidence 806 extends the Jencks Act to require disclosure of statements made by non-testifying declarants. *See United States v. Jackson*, 345 F.3d 59, 76-78 (2d Cir. 2003) (noting that the issue did not need to be decided because if there was a Jencks Act error, it was harmless). In addressing this issue we are aided by our sister circuit's analysis in *United States v. Williams-Davis*, 90 F.3d 490 (D.C. Cir. 1996). There, a defendant and her boyfriend were prosecuted for, *inter alia*, their participation in a cocaine distribution conspiracy. The boyfriend initially agreed to cooperate with the government but then skipped bond and fled to a country with no extradition treaty with the United States. *Id.* at 512. The boyfriend was not called as a witness at trial, but a number of recorded phone calls involving the boyfriend and the defendant were introduced at trial as statements made in furtherance of the conspiracy. *Id.* The defendant argued that admission of the boyfriend's statements in furtherance of the conspiracy triggered the government's duty under the Jencks Act to produce any statements that the boyfriend made to the government following his arrest. *Id.* The United States Court of Appeals for the D.C. Circuit was not persuaded: "merely because one set of rules . . . makes two distinct items equivalent for some specific purpose, it does not follow that they are equivalent for all related purposes." *Id.* at 513. We agree.

The defendants' argument that because a non-testifying declarant's statement comes into evidence against them somehow converts that declarant into the equivalent of a witness who has appeared and testified under oath is the proverbial comparison of apples to oranges. The production of materials in possession of the Government that a defendant may use to take advantage of the opportunity to impeach a declarant under Rule 806 and the Government's

7

obligation to produce such materials of which its agents have knowledge do not have their roots in the Jencks Act. Rather they arise under due process obligations articulated in *Brady* and *Giglio*, obligations with which the Government complied by issuing its letter describing the declarants' various foibles including the fact that one of the declarants lied during his proffer session. **[Alex A-66]** Although, for impeachment purposes, Rule 806 treats a declarant speaking in furtherance of the conspiracy as if he were a witness, we do not believe that also means that a declarant whose statement is being repeated and a witness who gives live testimony are equal under the Jencks Act. To hold otherwise would be contrary to the express language of the Jencks Act which states that no disclosure is warranted until "said witness has testified on direct examination in the trial of the case." 18 U.S.C. § 3500(a). Appellants are unable to point to any cases to the contrary.

Appellants' constitutional argument similarly fails. As an initial matter, appellants do not direct us to any cases which support their contention that the government's failure to produce statements made by the non-testifying declarants resulted in violations of the defendants' Sixth Amendment rights. Appellants' Confrontation Clause and Due Process Clause arguments are unavailing because those clauses do not obligate the government to disclose § 3500 material for its testifying witnesses—the government's disclosure obligations are compelled by the Jencks Act, not the Constitution. *See United States v. Augenblick*, 393 U.S. 348, 356 (1969) ("[O]ur *Jencks[ v. United States*, 353 U.S. 657 (1957)] decision and the Jencks Act were not cast in constitutional terms."); *Sperling v. United States*, 692 F.2d 223, 227 (2d Cir. 1982), *superseded by statute on other grounds*, Antiterrorism and Effective Death Penalty Act of 1996, Pub. L. No. 104-132, 110 Stat. 1214, *as recognized in Triestman v. United States*, 124 F.3d 361, 368-69 (2d

Cir. 1997) ("[T]he Jencks Act is a *statutory* requirement, not a constitutional one" (emphasis in original)). Thus the analogy that Appellants would have us draw between non-testifying declarants and testifying witnesses does not work.[4] Indeed, the Supreme Court has indicated that statements in furtherance of a conspiracy are non-testimonial for purposes of the Confrontation Clause, and are therefore not covered by its protections. *Crawford*, 541 U.S. at 56 (noting that most hearsay exceptions "covered statements that by their nature were not testimonial—for example, business records or statements in furtherance of a conspiracy"); *id.* at 68 (concluding that, unlike testimonial evidence, "nontestimonial hearsay . . . [may be] exempted . . . from Confrontation Clause scrutiny altogether."); *accord United States v. Logan*, 419 F.3d 172, 178 (2d Cir. 2005) ("In general, statements of co-conspirators in furtherance of a conspiracy are non-testimonial.").

## CONCLUSION

For the reasons stated herein and in an accompanying summary order, the judgments of the

district court are AFFIRMED.

---

[4] *Crawford v. Washington*, 541 U.S. 36 (2004), is not to the contrary. In *Crawford*, the Supreme Court held that the Confrontation Clause bars admission of out-of-court statements against a defendant that are "testimonial" in nature unless the declarants are unable to testify and the defendant had a prior opportunity to cross-examine them. *Id.* at 59. *Crawford*, therefore, does not speak to the issue of when the government must disclose testimony to the defendant. Rather, it merely sets forth the applicable rule for admitting out of court statements into evidence against a defendant.