19-2078-cr
*United States v. Saleh*

**UNITED STATES COURT OF APPEALS
FOR THE SECOND CIRCUIT**

# SUMMARY ORDER

**Rulings by summary order do not have precedential effect. Citation to a summary order filed on or after January 1, 2007, is permitted and is governed by Federal Rule of Appellate Procedure 32.1 and this Court's Local Rule 32.1.1. When citing a summary order in a document filed with this Court, a party must cite either the Federal Appendix or an electronic database (with the notation "summary order"). A party citing a summary order must serve a copy of it on any party not represented by counsel.**

        At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 20ᵗʰ day of May, two thousand twenty.

PRESENT:    AMALYA L. KEARSE,
            DENNIS JACOBS,
            JOSÉ A. CABRANES
                    *Circuit Judges.*

_____

UNITED STATES OF AMERICA,

                    *Appellee,*                          19-2078-cr

                    v.

REDHWAN SALEH (A/K/A "SAM"),


                    *Defendant-Appellant,*

ARTHUR CHERRY, ANTOINE BOSTICK, RICHARD
SANCHEZ,

                    *Defendants.*\*

.

_____

---

\* The Clerk of Court is directed to amend the caption of this case as shown above.

1

**FOR APPELLEE:**

Adam Hobson and Anna M. Skotko, Assistant United States Attorneys, *for* Geoffrey S. Berman, United States Attorney for the Southern District of New York, New York, NY.

**FOR DEFENDANT-APPELLANT:**

Steven L. Keats, Mineola, NY.

Appeal from a judgment of the United States District Court for the Southern District of New York (William H. Pauley III, *Judge*).

**UPON DUE CONSIDERATION WHEREOF, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the judgment of the District Court be and hereby is **AFFIRMED**.

Defendant-Appellant Redhwan Saleh ("Saleh") appeals from a judgment of conviction entered on June 21, 2019 following a four-day trial before Judge Pauley and a jury. Saleh was convicted on both counts charged in his July 9, 2018 superseding indictment: (1) conspiracy to commit arson, in violation of 18 U.S.C. § 371; and (2) arson, in violation of 18 U.S.C. §§ 844(i) and 2.[1] We assume the parties' familiarity with the underlying facts, the procedural history of the case, and the issues on appeal.

A.

Saleh first argues that the District Court erred in admitting at trial three statements offered by Arthur Cherry ("Cherry"), a co-conspirator and cooperating government witness at trial. The statements were offered against Saleh as defendant and made by Richard Sanchez ("Sanchez"), a co-conspirator in the arson plot. Saleh contends each statement was inadmissible hearsay and violated his Sixth Amendment right of confrontation. His arguments are without merit.

At trial, Cherry testified that (i) Sanchez had told him that Saleh had an issue with a new deli owner and was willing to pay someone to set fire to the new deli (A.196-197, Tr. 175); (ii) Sanchez introduced Cherry and Antoine Bostick to Saleh as the people who "were going to take care of the situation" (A.208-209, Tr. 187-88); and (iii) after the first, failed arson attempt, Sanchez told Cherry

---

[1] The federal arson statute makes it unlawful to "maliciously damage[] or destroy[], or attempt[] to damage or destroy, by means of fire or an explosive, any building, vehicle, or other real or personal property used in interstate or foreign commerce or in any activity affecting interstate or foreign commerce." 18 U.S.C. § 844(i).

2

that Saleh was not willing to pay unless they did the job again, the correct way (A. 219-220, Tr. 198-99). Saleh objected before the District Court to the admissibility of the first statement, but he did not object to the admissibility of the second or third statements.

We review the District Court's ruling admitting the first statement for abuse of discretion. *See United States v. Quinones*, 511 F.3d 289, 307–08 (2d Cir. 2007). Because Saleh did not object to the admission of the remaining challenged statements, we review their admission for plain error. *See United States v. Boyland*, 862 F.3d 279, 288–89 (2d Cir. 2017).

Rule 801(d)(2)(E) provides in relevant part that a statement "is not hearsay" if "[t]he statement is offered against an opposing party and . . . was made by the party's co-conspirator during and in furtherance of the conspiracy." To admit an out-of-court co-conspirator statement under Rule 801(d)(2)(E), a district court must find by a preponderance of the evidence "(1) that there was a conspiracy, (2) that its members included the declarant and the party against whom the statement is offered, and (3) that the statement was made both (a) during the course of and (b) in furtherance of the conspiracy." *United States v. Tracy*, 12 F.3d 1186, 1196, 1199 (2d Cir. 1993).

A preponderance of the evidence established the existence of a conspiracy to commit arson, and that Sanchez and Saleh were both members of that conspiracy. Cherry testified that: he helped commit the arson (Tr. 166); Saleh paid him and others to commit the arson (Tr. 167); Sanchez was the one who first approached Cherry about committing the arson (Tr. 172); the conspirators who set the fire would be paid $2,000, and that Sanchez would receive an additional $1,000 as a fee for arranging the arson (Tr. 179); Sanchez acted as a lookout while the fire was set (Tr. 196, 207); after the first arson attempt failed, Saleh and Sanchez went on top of Saleh's deli's roof to show Cherry how he should set the fire by pouring the gasoline down the vent pipe (Tr. 199-201); and, when the arson was over, Saleh made the promised payment by handing Sanchez an envelope of cash (Tr. 212). Phone records showing calls between Saleh and Cherry around the time of the arson, despite the two men never having called one another before, also corroborated Cherry's testimony. (Tr. 335-41).

A preponderance of the evidence also showed that the first statement was made in furtherance of the conspiracy. *See United States v. Russo*, 302 F.3d 37, 46 (2d Cir. 2002) (statements made apprising conspirators of their various roles in a criminal enterprise are in furtherance of conspiracy); *United States v. Maldonado-Rivera*, 922 F.2d 934, 958 (2d Cir. 1990) (statements that "seek to induce a coconspirator's assistance" are in furtherance of the conspiracy). Second, when Sanchez told Saleh, in front of Cherry and Bostick, that Cherry and Bostick "were going to take care of the situation," he furthered the conspiracy not only by "provid[ing] reassurance" to the leader of the conspiracy that progress was being made in carrying out its goal, *Maldonado-Rivera*, 922 F.2d at 959, but also by giving Saleh "information regarding the [conspiracy's] membership," *Russo*, 302 F.3d at 46. Third, when Sanchez told Cherry that Saleh was not willing to pay the conspirators "unless we came back and did it again the correct way" (Tr. 199), Sanchez was furthering the conspiracy by

3

informing his co-conspirator "as to the progress or status of the conspiracy," *Maldonado-Rivera*, 922 F.2d at 959, and by informing his co-conspirator that the leader of the conspiracy—Saleh—was unhappy with how the job had been done and wanted it done again.

Because each of the challenged statements was made in furtherance of the conspiracy, Saleh's Sixth Amendment confrontation contention fails as well. *See, e.g., United States v. Shyne*, 617 F.3d 103, 108 (2d Cir. 2010) ("[S]tatements in furtherance of a conspiracy are non-testimonial for purposes of the Confrontation Clause, and are therefore not covered by its protections.").

## B.

Saleh also challenges the sufficiency of the evidence of his conviction for both counts. We find his arguments without merit. We review this sufficiency challenge *de novo*, with Saleh bearing "a heavy burden, as the standard of review is exceedingly deferential." *United States v. Baker*, 899 F.3d 123, 129 (2d Cir. 2018) (internal quotation marks omitted). "We must view the evidence in the light most favorable to the government, crediting every inference that could have been drawn in the government's favor, and deferring to the jury's assessment of witness credibility and its assessment of the weight of the evidence." *Id.* (internal quotation marks and brackets omitted). "[W]e will sustain the jury's verdict if *any* rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt." *Id.* (internal quotation marks and bracket omitted) (emphasis in original).

The evidence recounted in Part A above supports Saleh's conviction. *United States v. Hamilton*, 334 F.3d 170, 179 (2d Cir. 2003) ("The testimony of a single accomplice is sufficient to sustain a conviction so long as that testimony is not incredible on its face and is capable of establishing guilt beyond a reasonable doubt. Any lack of corroboration goes only to the weight of the evidence, not to its sufficiency.") (internal alterations, quotation marks, and citations omitted). Defendant mainly challenges Cherry's credibility based on his plea agreement with the government and his criminal history. These facts and arguments were, however, already presented to the jury and "[w]e will not attempt to second-guess a jury's credibility determination on a sufficiency challenge." *United States v. Florez*, 447 F.3d 145, 156 (2d Cir. 2006).

## C.

Finally, Saleh argues that the evidence at trial was insufficient to support the jury's finding that the conspirators set fire to a building used in interstate commerce or in any activity affecting interstate commerce, an element of the federal arson offense. This argument is also without merit.

The federal arson statute requires that the target of the arson be a building "used in interstate or foreign commerce or in any activity affecting interstate or foreign commerce." 18 U.S.C. § 844(i). As a deli, the targeted business satisfies this nexus. *United States v. Joyner*, 201 F.3d 61, 79 (2d Cir.

2000). Saleh's primary argument is that the target building of the arson, here a near-by deli set to open shortly after the date of the arson, was not yet in business at the time of the arson. The federal arson statute, however, "applies to temporarily vacant buildings as long as there was evidence at trial of sufficiently definite plans to return the property to the stream of commerce." *United States v. Iodice*, 525 F.3d 179, 184 (2d Cir. 2008). The owner of the new deli testified that his store was "10 days to two weeks" from opening at the time of the fire, and that the deli had been undergoing substantial renovations for that purpose. Tr. at 50; *see also Iodice*, 525 F.3d at 183 (holding that an arson against a vacant diner satisfied the interstate nexus where, at the time of arson, the diner had been "closed for at least one and a half years and would presumably have continued to be closed for at least an additional six months"). Because there was sufficient evidence at trial to show "the owner's active preparation to bring the [deli] into the stream of commerce," we affirm Saleh's conviction. *Id.*

## CONCLUSION

We have reviewed all the arguments raised by Saleh on appeal and find them to be without merit. For the foregoing reasons, we **AFFIRM** the June 21, 2019 judgment of the District Court.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk