United States of America v. Leonard Mathews

UNITED STATES COURT OF APPEALS
FOR THE SECOND CIRCUIT

**SUMMARY ORDER**

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated Term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York on the 14th day of January, two thousand twenty-one.

Present:     DENNIS JACOBS,
             ROSEMARY S. POOLER,
             RAYMOND J. LOHIER, JR.,
                    *Circuit Judges*.

_____

UNITED STATES OF AMERICA,

                    *Appellee*,

            v.                                          19-2029-cr

LEONARD MATHEWS,

                    *Defendant-Appellant*.

_____

Appearing for Appellant:     David J. Williams, Jarvis, McArthur & Williams LLC, Burlington, VT.

Appearing for Appellee:      Dominic A. Gentile, Assistant United States Attorney (Justin V. Rodriguez, Karl Metzner, Assistant United States Attorneys, *on the brief*), *for* Audrey Strauss, Acting United States Attorney for the Southern District of New York, New York, NY.

Appeal from the United States District Court for the Southern District of New York (Oetken, *J.*).

**ON CONSIDERATION WHEREOF, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the judgment of said District Court be and it hereby is **AFFIRMED**.

Appellant Leonard Mathews appeals from the July 1, 2019 judgment of the United States District Court for the Southern District of New York (Oetken, *J.*), regarding his conviction and sentence following a jury trial for his role in a shooting. On October 3, 2018, Mathews was convicted following a jury trial of: (1) assault with a dangerous weapon in aid of racketeering, and aiding and abetting the same, in violation of 18 U.S.C. §§ 1959(a)(3) and 2; (2) using and carrying a firearm during and in relation to, and possessing a firearm in furtherance of, crimes of violence, and aiding and abetting the same, in violation of 18 U.S.C. §§ 924(c)(1)(a)(i), (ii), (iii), and 2; (3) possession of ammunition having been convicted of a felony, and aiding and abetting the same, in violation of 18 U.S.C. §§ 922(g)(1) and 2; and (4) distributing and possessing with intent to distribute cocaine, in violation of 21 U.S.C. § 841(a)(1). On June 28, 2019, the district court sentenced Mathews principally to a term of 204 months' imprisonment. Matthews appeals his conviction based on improper jury instructions and the absence of an underlying crime of violence to support his conviction under Section 924(c)(1)(a)(i). He also challenges the district court's failure to hold a *Franks* hearing on a pretrial motion to suppress and appeals based on a reference by a witness during the trial to his request for counsel. Finally, Mathews raises numerous issues in a separate pro se appeal. We assume the parties' familiarity with the underlying facts, procedural history, and specification of issues for review.

To overturn a conviction based on an erroneous jury instruction, Mathews must demonstrate that the charge viewed in full was erroneous and prejudicial. *See United States v. Sabhnani*, 599 F.3d 215, 237 (2d Cir. 2010). Mathews did not challenge the instruction below, so our review is for plain error. *See United States v. Skelly*, 442 F.3d 94, 99 (2d Cir. 2006). Plain error requires Mathews to demonstrate "(1) there [was] an error; (2) the error [was] clear or obvious, rather than subject to reasonable dispute; [and] (3) the error affected [his] substantial rights, which in the ordinary case means it affected the outcome of the district court proceedings . . . ." *United States v. Marcus*, 560 U.S. 258, 262 (2010) (internal quotation marks omitted). The core claim of Mathews' argument is that the instruction here improperly allowed the jury to convict him of a violation of Section 924(c) based on the state law crime that underpinned the racketeering charges in the indictment rather than the federal crime itself. However, a review of the instruction makes clear that the district court did not plainly err.

The district court instructed the jury on the elements of the counts in question. The instruction on this count is contained in over a dozen pages of trial transcripts and makes quite clear the numerous elements that must be satisfied to sustain a charge for assault with a dangerous weapon in aid of racketeering. Mathews raises no objections to any aspect of the predicate count instructions but insists that the references to this count in the Section 924(c) count instructions confused the jury. In each of the instances in which the district court referred to assault with a dangerous weapon, the court specifically noted that it was the "assault with a dangerous weapon charged in Count Three," which was the  assault with a dangerous weapon in aid of racketeering charge. Supplemental App'x at 286. It is unclear why the jury would not have understood that the reference to Count Three referenced the extensively described federal crime rather than its state law predicates. Indeed, the district court described the federal crime

immediately before discussing the Section 924(c) count. The district court began its instruction on the Section 924(c) count by noting "that you cannot consider [this Count] unless you determine that the defendant is guilty of [one of the predicate federal charges]." Special App'x at 285. As the Government observed, and Mathews conceded at oral argument, this incorrectly states the law in Mathews' favor. Our court has held that a defendant need not be convicted on an underlying substantive offense for a conviction on a Section 924(c) offense to stand. *See Johnson v. United States*, 779 F.3d 125, 129-30 (2d Cir. 2015).

Here, the jury instruction reviewed in full demonstrates that the jury was informed about the underlying federal offense, and the district court's shorthand references to the predicate crime would not have misled the jury. There is no error on this point.

Mathews also argues on appeal that the racketeering conviction does not qualify as a crime of violence under 18 U.S.C. Section 1959(a)(3). A defendant violates Section 924(c) if he uses or carries a firearm during and in relation to, or possesses a firearm in furtherance of, a "crime of violence" or "drug trafficking crime." 18 U.S.C. § 924(c)(1)(A). Section 924(c)(3) defines crime of violence as a crime that is a federal felony offense and either: "(A) has as an element the use, attempted use, or threatened use of physical force against the person or property of another, or (B) that by its nature involves a substantial risk that physical force against the person or property of another may be used in the course of committing the offense." *Id*. § 924(c)(3). In *United States v. Davis*, 139 S. Ct. 2319 (2019), the Supreme Court struck down Subsection B as impermissibly vague. For a crime to satisfy Subsection A it must entail "violent force—that is, force capable of causing physical pain or injury to another person." *Johnson v. United States*, 559 U.S. 133, 140 (2010) (italics omitted). Here, the underlying conviction was for a violation of the Violent Crimes in Aid of Racketeering ("VICAR") statute. 18 U.S.C. § 1959. Specifically, Mathews was charged with Subsection a(3), which applies VICAR to underlying crimes of "assault with a dangerous weapon or assault resulting in serious bodily injury[.]" 18 U.S.C. § 1959(a)(3). Mathews argues that VICAR assault is not a crime of violence, as it could potentially be committed recklessly. He argues that Vermont law allows convictions for assault resulting in serious bodily injury committed recklessly, and that under Supreme Court precedent, reckless causation does not satisfy the use of force requirement. *See United States v. Castleman*, 572 U.S. 157, 169 (2014).

While our court has not yet definitively spoken as to whether VICAR assault is a crime of violence, the district court did not plainly err. Even if our court were to find at a later date that VICAR assault is not a categorical crime of violence, such an error by the district court would not have been "clear or obvious." *See Marcus*, 560 U.S. at 262. In a pre-*Davis* case, our Court stated that assault with a deadly weapon as defined by New York Penal Law § 120.05 (02) constitutes a categorial crime of violence. *See United States v. Walker*, 442 F.3d 787, 788 (2d Cir. 2006) (finding assault with a dangerous weapon to be a crime of violence under the Armed Career Criminal Act). Recently, we reaffirmed this in the immigration context. *See Singh v. Barr*, 939 F.3d 457, 462 (2d Cir. 2019). While there are potentially differences in the mens rea requirements to sustain a conviction for VICAR assault with a dangerous weapon and those required to sustain a conviction under New York Penal Law, these cases demonstrate that a district court could reasonably conclude that VICAR assault is a categorical crime of violence. As our court continues to develop its approach to crimes of violence after *Davis*, district courts

3

continue to await definitive guidance. Lacking this guidance, the district court did not plainly err in instructing the jury that VICAR assault with a dangerous weapon constituted a crime of violence.

Mathews also appeals from the district court's failure to grant a *Franks* hearing regarding a motion to suppress evidence seized from a cellphone (the "Subject Device") belonging to Mathews that had been seized by police during an unrelated arrest. When examining a warrant, "[a] magistrate's determination of probable cause should be paid great deference by reviewing courts." *Illinois v. Gates*, 462 U.S. 213, 236 (1983) (internal quotation marks omitted). The court may hold an evidentiary hearing where the movant makes "allegations of deliberate falsehood or of reckless disregard for the truth, and those allegations [are] accompanied by an offer of proof." *Franks v. Delaware*, 438 U.S. 154, 171 (1978). The court need not hold an evidentiary hearing in all circumstances; the movant must make allegations that are "more than conclusory and . . . supported by more than a mere desire to cross-examine." *Id*. The hearing is only required where the defendant "makes a 'substantial preliminary showing' that a deliberate falsehood or statement made with reckless disregard for the truth was included in the warrant affidavit and the statement was necessary to the judge's finding of probable cause." *United States v. Falso*, 544 F.3d 110, 125 (2d Cir. 2008). We have reviewed the denial of a motion for a *Franks* hearing for clear error. *See United States v. One Parcel of Prop. Located at 15 Black Ledge Drive*, 897 F.2d 97, 100 (2d Cir. 1990).

Matthews argues that the Subject Device was improperly searched based on material misrepresentations in the warrant affidavit. The investigating officer stated that the Subject Device appeared to be the same cellphone Mathews was holding in certain security camera footage on the night of the shooting. The entirety of Mathews' challenge is based on his counsel's statement that "the nature of the footage at issue renders it impossible to determine any more about the device that appears on [security camera footage] than that it indeed appears to be *a* cellphone." App'x at 53 (emphasis in original). Mathews provided no evidence that the devices were not the same, and as the district court noted, nothing in the attorney's statement demonstrated that the phones were not the same. There is no indication that the statement was inaccurate.

Even if the statement were inaccurate, there is no indication of an intent to deceive or reckless disregard for the truth. Again, the only basis for this assertion is Mathews' counsel's statement that he did not consider the video footage of sufficient quality to decide as to what type of phone was seen. This statement does not rise to the level of a "substantial preliminary showing" of deliberate falsity or reckless disregard for the truth. *Falso*, 544 F.3d at 125. At most, it reveals a disagreement between two parties as to what a video demonstrated. The district court did not err in denying Mathews a *Franks* hearing.

Mathews seeks reversal and a new trial because the prosecutor elicited testimony that on Mathews' arrest, he asked for a lawyer. An arrested person's silence cannot be held against them at trial. *See Doyle v. Ohio*, 426 U.S. 610, 618 (1976). Under *Doyle*, our Court examines whether the improper statement was used at trial and the full context of the trial. *See Greer v. Miller*, 483 U.S. 756, 764-69 (1987) (finding that *Doyle* did not require reversal where a single question regarding defendant's silence was asked and was not used for impeachment purposes). Mathews

4

did not object below, so his claim here is reviewed under a plain error standard. *See Johnson v. United States*, 520 U.S. 461, 465-66 (1997).

The testimony was improper, and it was elicited deliberately rather than blurted out. Still, the sole reference to Mathews' invocation of his right to counsel came during one police officer's testimony. The Government did not raise this invocation in any of its jury addresses or other witness examinations. Thus, "this was not a case in which the government sought to impeach the defendant based on his post-arrest silence, or to claim some significance in the defendant's refusal to answer a particular question." *United States v. Grubczak*, 793 F.2d 458, 462 (2d Cir. 1986).

Mathews' pro se supplemental brief argues that the Government improperly introduced testimony from a non-testifying individual through a testifying witness. He objects to this as hearsay and a violation of the Constitution's Confrontation Clause. However, the statements were admitted properly as statements of a co-conspirator under Federal Rule of Evidence 801(d)(2)(E). Accordingly, the statements were not subject to the protections of the Confrontation Clause. *See United States v. Shyne*, 617 F.3d 103, 108 (2d Cir. 2010). Mathews also argues that the prosecution violated its disclosure obligations by failing to produce statements from this same non-testifying individual made in a separate state court proceeding. There was no violation of the Government's disclosure obligation here, as Mathews' attorneys were aware of these state court proceedings. "Documents that are part of public records are not deemed suppressed if defense counsel should know of them and fails to obtain them because of lack of diligence in his own investigation." *United States v. Payne*, 63 F.3d 1200, 1208 (2d Cir. 1995).

We have considered the remainder of Mathews' arguments and find them to be without merit. Accordingly, the judgment of the district court hereby is AFFIRMED.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk

5