23-6876-cr
United States v. Walker

# UNITED STATES COURT OF APPEALS
## FOR THE SECOND CIRCUIT

### SUMMARY ORDER

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 5th day of November, two thousand twenty-four.

PRESENT: PIERRE N. LEVAL,
DENNY CHIN,
RAYMOND J. LOHIER, JR.,
*Circuit Judges*.

------------------------------------------------------------------

UNITED STATES OF AMERICA,

*Appellee*,

v.                                                              No. 23-6876-cr

DONTE WALKER, a.k.a. "Slim,"

*Defendant-Appellant*,

CLAYTON WILLIAMS, Agent of Dee,
KEVIN HINCA,

*Defendants*.

---------------------------------------------------------------------

FOR DEFENDANT-APPELLANT:    JONATHAN ROSENBERG,
                            Rosenberg Law Firm, PLLC,
                            Brooklyn, NY

FOR APPELLEE:               MONICA J. RICHARDS, Assistant
                            United States Attorney
                            (Katherine A. Gregory,
                            Assistant United States
                            Attorney, *on the brief*), *for* Trini
                            E. Ross, United States Attorney
                            for the Western District of
                            New York, Buffalo, NY

Appeal from a judgment of the United States District Court for the

Western District of New York (John L. Sinatra, Jr., *Judge*).

UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED,

AND DECREED that the judgment of the District Court is AFFIRMED.

Donte Walker appeals from a judgment of conviction entered on August 2,

2023 by the United States District Court for the Western District of New York

(Sinatra, Jr., *J.*) after a jury trial in which Walker was found guilty of ten counts

arising from his participation in a narcotics conspiracy: engaging in a continuing

criminal enterprise, in violation of 21 U.S.C. § 848(a) (Count One); participating

in a narcotics conspiracy that caused the death of a victim, in violation of 21

U.S.C. § 841(a)(1), (b)(1)(A) and 21 U.S.C. § 846 (Count Two); murder while

2

engaged in a continuing criminal enterprise and narcotics conspiracy, in violation of 21 U.S.C. § 848(e)(1)(A) and 18 U.S.C. § 2 (Count Three); witness tampering, in violation of 18 U.S.C. § 1512(a)(1)(C), 1512(a)(3)(A) and 18 U.S.C. § 2 (Count Four); and discharging a firearm in furtherance of the conspiracy, in violation of 18 U.S.C. § 924(c)(1)(A)(iii), 924(j)(1) and 18 U.S.C. § 2 (Count Five), as well as a five other counts related to drug storage, possession, and distribution. The District Court sentenced Walker to an aggregate term of life imprisonment plus 240 months. We assume the parties' familiarity with the underlying facts and the record of prior proceedings, to which we refer only as necessary to explain our decision to affirm.

### I. Sufficiency of the Evidence

Walker first argues that the evidence presented at trial was insufficient to support his conviction on Counts One through Five. We review his challenge *de novo*, viewing the evidence "in the light most favorable to the prosecution," and we will uphold the conviction if "*any* rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt." *United States v. Capers*, 20 F.4th 105, 113 (2d Cir. 2021) (quotation marks omitted). "[A] defendant challenging the sufficiency of the evidence bears a heavy burden."

3

*United States v. Landesman*, 17 F.4th 298, 319 (2d Cir. 2021) (quotation marks omitted).

Bearing in mind that we must "defer to the jury's assessment of witness credibility and its assessment of the weight of the evidence," *United States v. Lewis*, 62 F.4th 733, 744 (2d Cir. 2023) (quotation marks omitted), we conclude that the evidence adduced at trial was sufficient to support a conviction on each of Counts One through Five. Our review of the record persuades us that the jury was presented with testimonial and other evidence from which it could find that the narcotics conspiracy continued through the date of Ryan Thurnherr's murder, on or around October 16, 2018, that Walker supervised five or more individuals as part of the conspiracy, that Walker gained substantial income from the enterprise, that the conspiracy resulted in the death of Michael O'Connor, and that Walker murdered Thurnherr with a firearm in the course of engaging in a continuing criminal enterprise and to prevent Thurnherr from cooperating with law enforcement.

## II.    The District Court's Evidentiary Rulings

Walker also challenges several evidentiary rulings of the District Court. "We review evidentiary rulings for abuse of discretion," *United States v. Mercado*,

573 F.3d 138, 141 (2d Cir. 2009), and we will "disturb an evidentiary ruling only where the decision to admit or exclude evidence was manifestly erroneous," *United States v. Williams*, 930 F.3d 44, 58 (2d Cir. 2019) (quotation marks omitted).

Walker objects first to the testimony of two government witnesses who identified the vehicle seen in surveillance video near the site of Thurnherr's murder as a black Chevrolet Tahoe. Both crime analyst Kathryn Mendolera and Special Agent Robert Nunn testified about the Tahoe based on their personal observation of the surveillance video. Walker's contention that their identification of the vehicle was speculative and unfounded relates to the weight the jury should accord the evidence, not its admissibility. *See Sloley v. VanBramer*, 945 F.3d 30, 44 (2d Cir. 2019).

Walker next contends that the District Court improperly admitted agent and other witness testimony regarding the use of code during text and phone conversations and interpreting certain coded messages involving Walker. Recognizing that "[d]rug dealers rarely speak openly about their trade" and instead "often engage in a so-called 'narcotics code,'" we have held that "courts may allow witnesses to 'decipher' the codes drug dealers use and testify to the true meaning of the conversations." *United States v. Garcia*, 291 F.3d 127, 139 (2d

5

Cir. 2002). Here, a number of lay witnesses who were involved in the charged conspiracy interpreted text messages and phone calls with Walker in which they participated. They not only had personal knowledge of what was actually said, but personal knowledge of the underlying conspiracy sufficient to interpret Walker's co-conspirator statements. *See United States v. Yannotti*, 541 F.3d 112, 125–26 (2d Cir. 2008). In addition, we note that the District Court instructed the jury: "You may give the opinion testimony whatever weight, if any, you find that it deserves in light of all the evidence in this case, but you should not accept opinion testimony merely because I allowed [it.]" Trial Tr. 2684. Walker's separate argument that the agent's testimony was unduly speculative and unreliable fails because the agent's testimony was not "so unrealistic and contradictory as to suggest bad faith or to be in essence an apples and oranges comparison." *United States v. Jones*, 965 F.3d 149, 162 (2d Cir. 2020) (quotation marks omitted). Walker's other challenges about the agent's testimony "go to the weight, not the admissibility, of the testimony." *Id.* (quotation marks omitted).

Finally, Walker challenges the District Court's decision to allow the Government to introduce out-of-court statements of two co-conspirators who did

6

not testify at trial. But these statements were properly admitted under Federal Rule of Evidence 801(d)(2)(E) as statements of co-conspirators in furtherance of the narcotics conspiracy. "[T]he Supreme Court has indicated that statements in furtherance of a conspiracy are non-testimonial for purposes of the Confrontation Clause, and are therefore not covered by its protections." *United States v. Shyne*, 617 F.3d 103, 108 (2d Cir. 2010).

We in any event conclude that even if errors could be found in any of the evidentiary rulings about which Walker complains, they were harmless because the Government's case against Walker was "indisputably strong," and the challenged evidence was "cumulative of other properly admitted evidence." *United States v. McCallum*, 584 F.3d 471, 478 (2d Cir. 2009) (quotation marks omitted); *see United States v. McPartland*, 81 F.4th 101, 114 (2d Cir. 2023).

## III.    Multiplicity of Counts Three Through Five

Next, Walker mounts a challenge under the Double Jeopardy Clause of the Fifth Amendment, arguing that his convictions on Counts Three through Five were multiplicitous because each count concerned the murder of Thurnherr. This argument is meritless. "[W]here the same act or transaction constitutes a violation of two distinct statutory provisions, the test to be applied to determine

7

whether there are two offenses or only one, is whether each provision requires proof of a fact which the other does not." *United States v. Barrett*, 102 F.4th 60, 89–90 (2d Cir. 2024) (quoting *Blockburger v. United States*, 284 U.S. 299, 304 (1932)). "An indictment is [thus] multiplicitous when it charges a single offense . . . multiple times, in separate counts, when, in law *and* fact, only one crime has been committed." *United States v. Finley*, 245 F.3d 199, 205 (2d Cir. 2001) (emphasis added) (quotation marks omitted). Here, each of the relevant counts "requires proof of a fact which the other[s] do[] not." *Barrett*, 102 F.4th at 90. Accordingly, Walker's multiplicity challenge fails.

## IV. Cumulative Unfairness

Finally, Walker seeks a new trial on the ground that the cumulative effect of the District Court's errors was to deprive him of due process of law. We disagree. We perceive no error in the rulings Walker cites in support of his cumulative-unfairness claim, and, if any were erroneous, their impact was negligible. *See United States v. Rahman*, 189 F.3d 88, 145 (2d Cir. 1999).

8

## CONCLUSION

We have considered Walker's remaining arguments and conclude that they are without merit.  For the foregoing reasons, the judgment of the District Court is AFFIRMED.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk of Court

9